## KNISKERN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. July 7, 1926.)

No. 3430.

**1. Intoxicating liquors ⬤⟿275.**

Evidence *held* sufficient to support decree adjudging premises a common nuisance, under National Prohibtion Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), as defined by section 21 (Comp. St. Ann. Supp. 1923, § 10138½jj).

**2. Intoxicating liquors ⬤⟿274.**

Fact that bill in equity for maintaining nuisance, in violation of National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), as defined by section 21 (Comp. Ann. Supp. 1923, § 10138½jj), alleged date on one day, while proof showed it was day following, *held* not error, in absence of any showing of injury.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Bill in equity by the United States against Howard Kniskern and others. From a decree adjudging certain premises to be a common nuisance, the named defendant appeals. Affirmed.

Francis P. Meehan and Meehan & Waltzinger, all of Newark, N. J., for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below, the United States, naming John Qualey, Howard Kniskern, and Catherine Logue as defendants, filed a bill in equity to have certain premises decreed a nuisance, because "said premises are used and maintained as a place where intoxicating liquor, as defined by section 1 of title 2 of said 'National Prohibition Act' [Comp. St. Ann. Supp. 1923, § 10138½], is manufactured, sold, kept, and bartered, in violation of the provisions of said title, by defendants above named, and said premises and all intoxicating liquor and property kept and used in maintaining the same are a public and common nuisance, as defined and declared by section 21 of title 2 of said 'National Prohibition Act' [Comp. St. Ann. Supp. 1923, § 10138½jj], and that said nuisance is a continuing nuisance." Qualey defaulted; the other two defendants answered; the case was heard on proofs, and the court entered a decree adjudging the place a common nuisance, and ordering it closed for one year. Thereupon this appeal was taken.

[1] The evidence of one witness was of the purchase of whisky on the premises by himself, on March 27, 1925, when he saw another man also furnished with, and drinking whisky. Another witness testified to buying two more drinks on June 24th following, on the premises, from the bartender, who put the money in the cash register. Another man was proved to have been standing in front of the bar at the same time, drinking beer. The bottle from which the whisky was taken was also seized. It was shown that Catherine Logue was the owner of the premises, and Kniskern, who had succeeded Qualey, was the tenant, and that Mechlin, who sold the whisky, was Kniskern's employee. Kniskern testified he did not know Mechlin had sold the whisky and he had not authorized him to do so. Mechlin was still in his employ when Kniskern testified, but he did not call him as a witness.

[2] Without entering into details, we may say we have examined each and every assignment of error, and find no error was committed. The fact that the bill alleged dates on one day, while the proof was that it was on the day following, in no way injured the defendants, or prevented them from making their defense. If they were misled in preparing their defense, the judge, had any application been made to him, would have protected them. Nor did the questions complained of, or their answer by one of the government's witnesses, as to the number of persons employed on the premises, or that there had been a raid on the place, in any way affect the defendants' defense, nor could it influence in any way the trial judge in coming to the conclusion he did; for, wholly apart from such matters, there were other proofs which support his finding that the place as maintained was a nuisance. The contention, made at length, that this was not a sale, because Kniskern sold food at his restaurant, is sufficiently answered by the fact that the transactions here involved were sales of whisky, and the question of the status of an innkeeper furnishing food is not before us.

The judgment below is affirmed.